UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HIMEN ROSS,                                                              MEMORANDUM
                           Plaintiff,                          AND ORDER
    - against -
CITY OF NEW YORK, et al.,                                     16-CV-0813 (NGG) (JO)
                           Defendants.
-----------------------------------------------------------X

James Orenstein, Magistrate Judge:

Plaintiff Himen Ross ("Ross") seeks an order unsealing and releasing the grand jury minutes and exhibits in his underlying criminal prosecution. For the reasons explained below, I deny the request.

I.     <u>Background</u>

Ross claims that he was subjected to false arrest and malicious prosecution for murder, a charge of which he was acquitted at trial. *See* Docket Entry ("DE") 6 (Amended Complaint) ¶¶ 3-4. Seeking evidence to support his claim, Ross asked a state court to unseal the proceedings of the grand jury that indicted him. The court denied that request on November 1, 2016, finding that Ross had "fail[ed] to demonstrate a compelling and particular need for access" to the information he sought. DE 25-3 (state court order). Ross now seeks similar relief in this court. DE 26 ("Motion"). The defendants take no position on the motion, but the office of the Queens County District Attorney ("QCDA") opposes it. DE 29. It contends that Ross has failed to make a threshold showing of a compelling and particularized need for the minutes, as his interest is "not in the testimony, but in the 'leads' that the testimony might provide to discover fabricated evidence." *Id.* at 2. QCDA also contends that the absolute immunity conferred on grand jury witnesses counsels against unsealing the proceedings. *Id.* (citing *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506 (2012)).

II.      Discussion

    A.      Applicable Law

As the Supreme Court recognized in *Rehberg*, the "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." 132 S. Ct. at 1509. A federal court may nevertheless authorize the disclosure of sealed state grand jury proceedings, even after a state court has declined to do so, upon a showing of particularized need outweighing the need for secrecy." *United States v. Laster*, 313 F. App'x 369, 371 (2d Cir. 2009) (summary order) (citing *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996)); *see also Vasquez v. City of New York*, 2013 WL 2449181, at *1 (S.D.N.Y. Jan. 24, 2013); *Frederick v. New York City*, 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012), *reconsideration denied*, 2013 WL 310441 (S.D.N.Y. Jan. 24, 2013). A party seeking such relief must show that the requested disclosure "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." *United States v. Carneglia*, 2017 WL 421922, at *1 (2d Cir. Jan. 31, 2017) (summary order) (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

A typical showing of particularized need arises when the grand jury transcript is used "to impeach a witness, to refresh his recollection, to test his credibility and the like." *Douglas Oil*, 441 U.S. at 222 n.12 (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)). The need "to avoid a possible injustice" in a case of malicious prosecution can be sufficient to allow for unsealing the grand jury minutes where "'plaintiffs adduce facts that strongly suggest misconduct at the grand jury sufficient to rebut the presumption of probable cause if ultimately proven true.'" *Vazquez*, 2013 WL 2449181, at *1 (quoting *Frederick*, 2012 WL 4947806, at *9-10); *see also Barone v. U.S.*, 2015 WL 6736203, at *4 (S.D.N.Y. Oct. 29, 2015) ("To justify access to grand jury materials,

2

the movant must proffer facts 'giving rise to a strong inference of misconduct'." (quoting *In re Matter of Grand Jury Minutes in U.S. v. Tam*, 1997 WL 21369, at *4 (E.D.N.Y. Jan. 9, 1997)). "[A]n unsupported allegation that there is reason to believe that misconduct occurred before the grand jury is insufficient to meet this burden." *Barone*, 2015 WL 6736203, at *4 (internal citations omitted). Rather, the moving party must make at least a "'preliminary evidentiary showing of facts concerning police behavior' to warrant potential unsealing[.]" *Id.* (quoting *Frederick*, 2013 WL 310441, at *3-4).

Grand jury testimony may also be unsealed where a plaintiff cannot obtain the relevant information elsewhere. *See, e.g.*, *Rhooms v. City of New York*, 2014 WL 4385856, at *1 (E.D.N.Y. Sept. 4, 2014) (plaintiff demonstrated need where officers testified at deposition that they could not remember the specifics of their grand jury testimony, or if they even testified); *Frederick*, 2012 WL 4947806, at *9 (plaintiff alleging wrongful prosecution demonstrated need where witnesses could not accurately recall their testimony). However, "requests for wholesale disclosures are generally not allowed in civil cases." *Barone*, 2015 WL 6736203, at *4 (citing *Tam*, 1997 WL 21369, *3-4); *see also Baker v. U.S. Steel Corp.*, 492 F.2d 1074, 1076 (2d Cir. 1974) ("A generalized desire for discovery needed to prove one's case ... does not constitute the requisite showing of particularized need."); *Alvarado v. City of New York*, 2006 WL 2252511, at *3-4 (E.D.N.Y. Aug. 5, 2006) (denying plaintiff's motion to unseal where "the only argument advanced by the plaintiff concerning his need for the material is a desire to sift through the grand jury minutes in order to obtain information that may help him ...").

B.  Application

In support of the instant motion, Ross asserts that a single witness, Jennien Manning ("Manning"), was the only source of probable cause for his indictment, and that her testimony was knowingly fabricated. Ross claims that in October 2008, an individual by the name of Robert Hinton

3

("Hinton"), now deceased but then incarcerated, falsely told investigators that Ross had confessed to Hinton, supposedly in order to procure a better plea deal for himself in an unrelated case. Motion at 1. According to Ross, although Hinton provided four witnesses to Ross's alleged confession – Sharina Boone (Hinton's girlfriend), Manning (Hinton's aunt), Parys Johnson (Hinton's mother), and Erica Hinton (Hinton's sister) – police only spoke to Manning, who falsely corroborated the story. *Id.* Manning later testified before the grand jury in April 2009. Amended Complaint ¶ 104. Ross states that the remaining three witnesses were not present for any confession, and submitted affidavits from two of those individuals to that effect. Motion at 2 (attaching affidavits from Parys Johnson and Erica Hinton, *see* DE 25-1 and DE 25-2). The crux of Ross's motion is that defendants "failed to perform any due diligence in corroborating" Hinton's claim that Ross confessed to him by failing to interview three of the witnesses named by Hinton, and were "willfully blind" to the connection between Hinton and Manning – namely, that Manning lied for Hinton because she felt responsible for his incarceration. *Id.* at 1.

Ross asserts that he has a "particularized need" for the grand jury records at issue so as to "substantiate [his] allegation that no material evidence implicating [him] in the murder of Tyrece Johnson was discovered from October 16, 2008 to April 2009 except Jennien Manning's story." Motion at 3. However, Ross has not made a "preliminary evidentiary showing of facts concerning police behavior to warrant potential unsealing." *Barone*, 2015 WL 6736203, at *4. The only factual support Ross provides for his claim that Manning's testimony was knowingly fabricated are two affidavits from Parys Johnson and Erica Hinton. *See* DE 25-1 (Johnson Aff.); DE 25-2 (E. Hinton Aff.). The affidavits simply state that neither Johnson nor Hinton was interviewed about the homicide by the New York Police Department or by the QCDA, and that neither was present for Ross's alleged confession. *See* Johnson Aff. (stating she was incarcerated at the time of the alleged

4

confession); E. Hinton Aff. (stating she was not present for the alleged confession). This is not sufficient to "strongly suggest misconduct at the grand jury sufficient to rebut the presumption of probable cause if ultimately proven true." *Vazquez*, 2013 WL 2449181, *1; *see also Barone*, 2015 WL 6736203, at *4. Such "an unsupported allegation that there is reason to believe that misconduct occurred before the grand jury" is insufficient to meet Ross's burden. *Barone*, 2015 WL 6736203, at *4 (internal citations omitted).

Further, Ross's request is extremely broad, and is not "structured to cover only material so needed." *Carneglia*, 2017 WL 421922, at *1 (quoting *Douglas Oil*, 441 U.S. at 222). Ross does not seek the unsealing of particular testimony, but rather the entirety of the grand jury minutes and exhibits in support of his case. "[R]equests for wholesale disclosures" of this nature "are generally not allowed in civil cases." *Barone*, 2015 WL 6736203, at *4. Further, "[a] generalized desire for discovery needed to prove one's case ... does not constitute the requisite showing of particularized need." *Baker*, 492 F.2d at 1076; *see Alvarado*, 2006 WL 2252511, at *3-4 (denying plaintiff's motion to unseal where "the only argument advanced by the plaintiff concerning his need for the material is a desire to sift through the grand jury minutes in order to obtain information that may help him ..."). Ross seeks access to the proceedings in order to "seek 'leads' that the testimony might provide to discover fabricated evidence" during the six month gap between when Hinton spoke to investigators and Ross was indicted. *See* DE 28 at 2.[1]

---

[1] A court considering a request to unseal grand jury minutes in a case like this one must also adhere to the holding in *Rehberg* that grand jury witnesses have absolute immunity from suit under section 1983 for their testimony. 132 S. Ct. 1497, 1506 (2012). However, *Rehberg* does not "create a categorical bar to the use of grand jury testimony as evidence against defendants in malicious prosecution suits brought pursuant to § 1983." *Frederick*, 2012 WL 4947806, at *4. Rather, it "prohibits only the use of a witness's own grand jury testimony against that witness if he or she subsequently becomes a § 1983 defendant." *Id.*; *see also Barone*, 2015 WL 6736203, at *2 ("*Rehberg* and its progeny warn us that any showing of particularized need to unseal grand jury materials must be

5

III. Conclusion

For the reasons set forth above, I deny Ross's motion to unseal the grand jury minutes and exhibits in his underlying criminal case.

SO ORDERED.

Dated: Brooklyn, New York
February 2, 2017

                   /s/
                JAMES ORENSTEIN
                U.S. Magistrate Judge

---

for reasons other than to discover evidence supporting a claim against a witness arising from that witness's grand-jury testimony."); *Bonds v. City of New York*, 2014 WL 2440542, at *8 (E.D.N.Y. May 30, 2014) ("*Rehberg* does not foreclose a § 1983 malicious prosecution claim based on allegations of bad faith conduct outside the grand jury."). Because there is nothing in the record to suggest that any named defendant testified before the grand jury that indicted Ross (as far as I can determine, non-party Manning was the sole witness), *Rehberg* is inapposite to the disposition of Ross's motion.